UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ D. JONES,<br><br>               Plaintiff,<br><br>   v.<br><br>FIDELITY INVESTMENTS,<br><br>               Defendant. | CASE NO. **2:23-cv-01149-LK**<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff, Cortez D. Jones, filed a complaint against Fidelity Investments alleging an anti-trust violation in which a bank will not allow him to spend what he deposited or earned on his investments. Plaintiff seeks over twelve billion dollars in damages.

Plaintiff also submitted an application to proceed *in forma pauperis* (IFP). Pursuant to General Order 11-22 Plaintiff's IFP application has been referred to the undersigned United States Magistrate Judge.

**DISCUSSION**

Generally, a party commencing a civil action in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). The Court may permit an action to commence without prepayment of fees and costs of security, by a person who submits an affidavit showing the person cannot pay such fees or give security. 28 U.S.C. § 1915(a)(1). Thus, an action may

REPORT AND RECOMMENDATION - 1

proceed without payment of the filing fee only if the Court grants leave to proceed IFP. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir.1999). Permission to proceed IFP is itself a matter of privilege and not a right and the denial of IFP status does not violate the applicant's right to due process. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir.1984) (*citing Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir), *cert. denied*, 375 U.S 845 (1963). The Court has broad discretion to grant or deny an IFP application. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir.1990); *Weller*, 314 F.2d at 600-601.

In this case, Plaintiff avers in his IFP application that he is employed, receives take home pay of $35,000.00 a month, and over the last twelve months has received $324,000.00 in rent, interest, or dividends. The information Plaintiff presents shows he can afford to pay the filing fee in this case.

The Court thus recommends Plaintiff's application to proceed IFP be **DENIED,** and Plaintiff be directed to pay the usual filing fee within 30 days of the District Court's Order. If Petitioner fails to pay the filing fee, the Clerk should be directed to close the file.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **August 17, 2023.** The Clerk should note the matter for **August 18, 2023**, as ready for the District Judge's consideration.

DATED this 3rd day of August, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge